# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEITH BARTELLI, | ) | |
|---|---|---|
| | ) | Civil Action No. 13 – 1148 |
| Plaintiff, | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF CORRECTIONS, LOUIS | ) | |
| FOLINO, and MARIROSA LAMAS, | ) | |
| Defendants. | | |

## ORDER

Plaintiff initiated this prisoner civil rights action by submitting a Motion for Leave to Proceed *in forma pauperis*, which was granted on August 8, 2013. His Complaint is rather sparse and alleges only that he is seeking relief for the theft and destruction of his property, for hindrance of his due process and for retaliation for his utilizing the grievance system. However, he provides no factual allegations to support his claims whatsoever and the Complaint lacks reference to any individuals, dates, times or places. Because it is defective in several regards, Plaintiff is hereby ordered to file an amended complaint that is in compliance with the following instructions.

1

## I. Instructions for Filing an Amended Complaint

**A. Caption and Heading**

Plaintiff must place his full name at the top of the amended complaint. Plaintiff must also add the names of **each** defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[1]

**B. Jurisdiction**

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

**C. Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

**D. Statement of Claim**

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights.

---

[1] Plaintiff should be aware that he must show personal involvement in the alleged wrongdoing by each defendant. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

E.  **Statement of Facts**

Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitution violation(s). This description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.

**F.     Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**G.     Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**H.     Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

**I.     Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**J.     Declaration Under Penalty of Perjury**

Plaintiff must **sign** his amended complaint and file it with the Clerk of the Court. When doing so, Plaintiff is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading

information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

## II. Miscellaneous Instructions

### A. Change of Address

Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Plaintiff must file a separate notice in each case that he has pending before the Court. Failure to inform the Court of an address change may result in the dismissal of this case, without further notice of the Court.

### B. Correspondence with the Court

Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters. Plaintiff should not attempt to correspond directly with a district judge or magistrate judge. They will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

**AND NOW**, this 29th day of August, 2013;

**IT IS HEREBY ORDERED** that Plaintiff shall amend his complaint as described herein and file it with the Court within **fourteen (14) days** of the date of this Order. The amended complaint must include all of Plaintiff's claims in this action and should **not** refer back to the original complaint. If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: **Keith Bartelli**
DX-0950
SCI Rockview
One Rockview Place Box A
Bellefonte, PA 16823-0820