IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BARTELLI, | ) | |
| | ) | Civil Action No. 13-1148 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief District Judge Joy Flowers Conti |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, LOUIS FOLINO, | ) | |
| Superintendent, MARIROSA LAMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

I. **RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* be vacated, that the Motion be denied in accordance with 28 U.S.C. § 1915(g), that his Motion to Stay and for Abeyance be denied, and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00[1] filing fee.

II. **REPORT**

Keith Bartelli ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania. He initiated this civil rights action on August 8, 2013, pursuant to 42 U.S.C. § 1983, by the filing of a Motion for Leave to

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to prisoner cases filed *in forma pauperis* under 28 U.S.C. § 1915, but if Plaintiff wishes to proceed with this matter then he is subject to the administrative fee for the reasons outlined in this Report and Recommendation.

1

Proceed *in forma pauperis*. (ECF No. 1.) The Court granted that Motion and his Complaint was docketed that same day. (ECF Nos. 2, 3.) Upon review, the Court finds that Plaintiff has had more than three civil actions that have been dismissed for failure to state a claim upon which relief may be granted. Therefore, he is unable to proceed *in forma pauperis* in this matter and this case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prison Litigation Reform Act.

### A. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that his property, including some legal property, was stolen and destroyed in June of 2008 and April of 2011, while at SCI-Greene and SCI-Rockview. He complains that this was done in retaliation for exercising his right to use the grievance system and that it violated his right to due process.

### B. Discussion

The Prison Ligation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), provides

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to stats a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The PLRA also provides for a "three strikes" rule in which leave to proceed *in forma pauperis* must be denied unless the prisoner is under imminent danger of serious physical injury. Specifically, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

We have reviewed the allegations of the Complaint in accordance with § 1915(e)(2) and have determined that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See* Bartelli v. Burnett, M.D. Pa. Civil Action 3:CV-04-0901 (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on May 28, 2004); Bartelli v. McGrady, M.D. Pa. Civil Action No. 3:CV-04-0902 (dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) on June 23, 2004); and Bartelli v. Stachelek, M.D. Pa. Civil Action No. 3:CV-04-0903 (dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) on October 29, 2004).[2]

Furthermore, Plaintiff has not alleged that he is in any "imminent danger of serious physical injury," and therefore he does not qualify for Section 1915(g)'s exception. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger

---

[2] Plaintiff's cases Bartelli v. Jastremski, et al., M.D. Pa. Civil No. 3:CV-04-0904 and Bartelli v. Clark, et al., M.D. Pa. Civil No. 3:CV-04-0905, were also dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted). A review of Plaintiff's allegations fails to indicate any imminent danger of serious physical injury.

It is apparent that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and therefore, his current Complaint should be dismissed.[3] As noted above, Plaintiff is not banned from federal court, but in order to proceed he must procure the appropriate funds or meet the exception of "imminent serious physical injury."[4] Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action and the Order granting him leave to do so should be vacated.

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* be vacated, that the Motion be denied in accordance with 28 U.S.C. § 1915(g), that his Motion to Stay and for Abeyance be denied, and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[3] We note that Plaintiff was directed to file an Amended Complaint no later than October 14, 2013, and as of the date of this Report and Recommendation he has not done so.

[4] The Third Circuit, like many of its sister courts, has held that "imminent danger" refers to danger at the time of filing the civil action, not at the time of an alleged incident. Abdul-Akbar, 239 F.3d at 314.

Dated: October 31, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Keith Bartelli
DX-0905
SCI Rockview
One Rockview Place Box A
Bellefonte, PA 16823-0820
*Via First Class U.S. Postal Mail*