# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH BARTELLI, | ) |
|             Plaintiff, | ) Civil Action No. 13 – 1148 |
| v. | ) Chief District Judge Joy Flowers Conti |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| PENNSYLVANIA DEPARTMENT OF CORRECIOTNS, LOUIS FOLINO, and MARIROSA LAMAS, | ) |
|             Defendants. | ) |

## MEMORANDUM ORDER

Pending before the court is a Report and Recommendation issued by Chief Magistrate Judge Lisa Pupo Lenihan on October 31, 2013. (ECF No. 10.) Because it was recently discovered that Plaintiff has three "strikes" and is barred from bringing a civil action *in forma pauperis*, the magistrate judge recommended that the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be vacated and that the Motion (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g). She further recommended that Plaintiff's Motion to Stay and for Abeyance (ECF No. 9) be denied and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee. Plaintiff was served with the Report and Recommendation and informed that he had until November 18, 2013, to file written objections. The envelope containing his objections, which were filed with the court on

1

November 20, 2013, indicates a post-mark date of November 18, 2013.[1]  (ECF No. 12.) Therefore, his objections will be considered timely pursuant to the prisoner mailbox rule.  *See* Houston v. Lack, 487 U.S. 266 (1988).

Plaintiff objects to the magistrate judge's recommendation that his *in forma pauperis status* be denied on the basis that she "overlooked" his original complaint.  He states that prison guards, unit managers, and administrators at SCI-Rockview, where he is presently confined, are conspiring to cause him physical injury or death because he is exercising his First Amendment right to seek redress by filing prison grievances and civil actions against staff.  He also avers that they threaten him with disciplinary sanctions, use racially offensive language, and destroy his property.  Plaintiff states that he has a physical disability, which apparently places him at a disadvantage to defend himself, and that the staff attempts to frighten him against exercising his fundamental rights have caused him emotional damage and affected his physical well-being.

As previously noted, the magistrate judge discovered that Plaintiff has three "strikes" within the meaning of 28 U.S.C. § 1915(g).  Specifically, Plaintiff has had at least three prior cases that have been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In this regard, Plaintiff may not bring a civil action *in forma pauperis* unless he is under imminent danger of serious physical injury and the magistrate judge determined that the allegations in his complaint failed to indicate any imminent danger of serious physical injury.  To the extent Plaintiff attempts to demonstrate such danger through his objections, the court finds that he has not made a sufficient showing of imminent danger to overcome the bar erected by section 1915(g).  "'Imminent' dangers are those dangers which are about to occur at any

---

[1] On this day, Plaintiff also filed a Motion for Preliminary Injunction (ECF No. 11) requesting that the Court enjoin defendants from destroying his property, denying him mail delivery and from harassing and threatening him.

moment or are impending." Abdul-Akbar v. McKelvie, 239 f.3d 307, 315 (3d Cir. 2001) (en banc). "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." Id.

Even though Plaintiff's complaint is void of most, if not all, of the allegations he makes in his objections, it is clear that the alleged threats by staff of which he references do not demonstrate "imminent danger of serious physical injury" that is to occur in the impending future. Moreover, the alleged destruction of his property, for which the claims in his complaint are based, is a harm that has already occurred and therefore does not satisfy the imminent danger exception to section 1915(g).

Additionally, it is worth noting that Plaintiff is under the mistaken impression that this court sits as an appeals court to the Pennsylvania Commonwealth Court. From his objections, it appears as though Plaintiff's action was dismissed in the state court based on Pennsylvania's version of the three strikes rule, 42 PA. CONS. STAT. § 6602(f), and that he is seeking to appeal the ruling of the Commonwealth Court, which found that he was not under "imminent danger of serious bodily injury" at the time he filed his complaint. If Plaintiff intends to appeal the Commonwealth Court's ruling then he must appeal to the Pennsylvania Superior Court, not to this court.

Finally, although not entirely clear from his complaint, it appears that Plaintiff's claims would be dismissed as time-barred even if he were allowed to proceed with this action. As the magistrate judge noted in her Report, Plaintiff alleges that his property, including some of his legal property, was stolen and destroyed in June 2008 and April 2011, and that this was done in retaliation for him exercising his right to use the grievance system. Pennsylvania's two-year statutory period applies to these claims, and because Plaintiff filed his complaint on August 8,

2013, the claims appear to be time-barred. While Plaintiff seeks leave to amend, he still must pay the filing fee which he did not do.

Therefore, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

**AND NOW**, this 26th day of November, 2013,

**IT IS HEREBY ORDERED** that the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **DENIED** in accordance with 28 U.S.C.§ 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay and for Abeyance (ECF No. 9) is **DENIED** and that his Motion for Preliminary Injunction (ECF No. 11) is also **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 10) dated October 31, 2013, is **ADOPTED** as the opinion of this court.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice and that Plaintiff may reopen this action within sixty (60) days by paying the full $400.00 filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc: Keith Bartelli
DX-0950
SCI Rockview
One Rockview Place Box A
Bellefonte, PA 16823-0820
*Via First Class Mail*